AO 91 (Rev. 12/93) Criminal Complaint

# United States District Court

**DISTRICT OF DELAWARE**

FILED
Apr 21  1 19 PM '05
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

MARLON DEON PETTAWAY

Criminal Complaint

CASE NUMBER: 05-79M

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __April 20, 2005__ in __New Castle__ County, in the District of Delaware, defendant did knowingly conspire to possess with intent to distribute more than 100 grams of heroin

in violation of Title ____21____ United States Code, Section(s) __841(a)(1), (b)(1)(B) and 846__.

I further state that I am a(n) __Special Agent, Drug Enforcement Administration__ and that this complaint is based
                                              Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

SA D.B.H.
Signature of Complainant
David B. Hughes
Special Agent, DEA

Sworn to before me and subscribed in my presence,

April 21, 2005                                    at    Wilmington, DE
Date                                                    City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                          Signature of Judicial Officer
Name & Title of Judicial Officer

## AFFIDAVIT

DAVID B. HUGHES, being duly sworn, states as follows:

1. I am a Special Agent (S/A) with the Drug Enforcement Administration (DEA) and have been so employed for approximately five years and one half years. Prior to my employment with the DEA, I was employed as a Trooper with the Maryland State Police for approximately six years. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. Through my training, education and experience, I have become familiar with methods in which illegal drugs are imported, manufactured and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have also testified as an expert witness in federal and/or state courts regarding the distribution, transportation and concealment of illegal drugs.

2. This Affidavit is in support of a criminal complaint against Marlon Deon PETTAWAY. I am the case agent responsible for the investigation in aid of which this application is being made. This Affidavit is based on my personal knowledge and observations as well as information provided to me by other law enforcement officers. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

3. On April 20, 2005, an officer of the Delaware River and Bay Authority ("DRBA") conducted a traffic stop of a silver GMC Yukon Denali bearing Virginia registration JTN 2438, which was traveling south on Route 295 in New Castle, Delaware. The driver and registered owner of the Denali was Eric Lamont DAVIS. A black male identified as Marlon Deon PETTAWAY was seated in the right front passenger seat. DAVIS and PETTAWAY were the only occupants of the Denali. DAVIS gave written consent to search the Denali. Thereafter, a search of the vehicle produced two clear, knotted, plastic bags containing approximately 128.5 net grams of heroin (4.5 ounces or one quarter pound). The plastic bags containing the heroin were found located under the right front passenger seat where PETTAWAY had been seated. DAVIS and PETTAWAY were then arrested.

4. DAVIS signed a written waiver of his Miranda rights and agreed to be interviewed by a member of the Drug Enforcement Administration. This interview was videotaped. During the interview, DAVIS stated that he and PETTAWAY were en route from Brooklyn, New York back to Virginia where they both reside, when they were stopped by the police. DAVIS said that PETTAWAY asked him to drive PETTAWAY to New York, and that PETTAWAY had agreed to pay for gas, tolls and food. DAVIS

further said that he knew that PETTAWAY was involved in illegal drug trafficking in Virginia, and believed that PETTAWAY was going to New York to obtain illegal drugs. DAVIS stated that he did not know the precise type of illegal drugs PETTAWAY dealt, and that he did not ask PETTAWAY any questions about this topic because he did not want to know. DAVIS said that upon seeing the police officer's lights signaling the Denali to pull over, PETTAWAY began to move around in his seat, and then reached down beneath the right front passenger seat.

     5. All suspected heroin recovered field-tested positive for the presence of heroin. Based upon my training, knowledge and experience, I believe that the seized substance seized is heroin, based on factors including its color, texture, smell and appearance.

     6. I have printed out PETTAWAY's rap sheet. According to it, PETTAWAY has a last reported address in Hampton, Virginia, and a significant arrest history in Virginia. In terms of convictions, it is said that he has a 10/15/93 misdemeanor conviction for a concealed weapon, a 2/28/94 felony conviction relating to distribution of cocaine, for which it appears that he received a ten-year prison sentence with a mandatory parole date of 11/13/01.

     7. Based on the foregoing facts and my training, knowledge and experience, it is my opinion that the possession of the heroin was consistent with the intent to distribute it, based on factors including the amount and street value of the heroin.

     8. Based on the foregoing facts, Affiant submits that there is probable cause to believe that Marlon Deon PETTAWAY has committed a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846, conspiracy to possess with intent to distribute more than 100 grams of heroin, and therefore respectfully requests that the Court issue a criminal complaint for PETTAWAY.

                        S/A D.B. *[signature]*

Dated: April 21, 2005