AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____ District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

Marlon Pettway
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-79M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC Sec. 841   .
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence . Defendant is charged with knowingly conspiring to possess with intent to distribute heroin. It is clear from the testimony of the DEA agent at the time of the preliminary and detention hearings and his re-affirmation of the affidavit in support of the criminal complaint that this defendant was the primary culprit who arranged for a heroin sale and involved his co-defendant, Davis, in the criminal conduct. Defendant lives in VA, heroin was found in the vehicle in which he was a passenger, he is self-employed in the entertainment business with a partner, his co-defendant , but really has no stable employment. He currently smokes marijuana daily. He was convicted of possession with intent to distribute in 1994 and found in vilation in 1995 which required him to serve most of the remainder of his sentence (sentenced for 10 years, served 7 ½), which would have made his release in 2002. At the time of this arrest defendant had pending charges in VA for possession of marijuana with a hearing scheduled on May 4, 2005. Thus is appears that he was out on some form of conditional release. The court is certain that travel outside the jurisdiction of VA was not included as part of his release conditions. His residence in unknown, and he has no reported ties to this or his community. At the time of his arrest of shortly thereafter, defendant commented that the DEA and CIA are the reasons why drugs come into \this country and he could not understand why they are worried with small time dealers. Defendant has a prior weapons offense. Because of the above facts, defendant is both a risk of flight and danger to the community.

FILED
MAY 10 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____
_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 10, 2005 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
|  | Mary Pat Thynge, Magistrate Judge |
|  | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).